

**FILED**
JUN 0 2 2008

U.S. Department of Justice

United States Attorney

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

May 29, 2008

John A. Briley, Esquire
6205 30th Street, NW
Washington, D.C. 20015

       Re:    <u>United States v. Donna Jean Ishmell</u>, Crim. No. 08-053 (HHK)-02

Dear Mr. Briley:

       This letter sets forth the full and complete plea offer to your client, Donna Jean Ishmell, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter referred to as "the Government" or "this Office"). This plea offer will expire on June 2, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1)    <u>**Charges and Statutory Penalties**</u>

       Your client agrees to plead guilty to Count Eleven of the Indictment, charging her with Wire Fraud, in violation of 18 U.S.C. § 1343.

       Your client understands that this charge carries a maximum sentence of twenty years of imprisonment, a fine of $ 250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, the Government will dismiss the remaining charges in the Indictment against your client at the time of sentencing. Your client will not be further prosecuted criminally for the conduct set forth in the Indictment.

Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2) **Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3) **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A. **Offense Level under the Guidelines**

The applicable Guideline is § 2B1.1.

The following is a correct calculation of all relevant Sentencing Guidelines factors:

| | | |
|---|---|---|
| 2B1.1 | Base Offense Level | 7 |
| | TOTAL | 7 |

The parties have not agreed to the amount of loss that applies in this case. Accordingly, the Government reserves the right to present evidence and argument that establishes the amount of loss from the offense of conviction, as well as the amount of loss from all relevant conduct by your client. Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," including any acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." See Guidelines Manuel, § 1B1.3. In addition to the offense of conviction, the Government may seek to introduce as relevant conduct evidence of your client's involvement in the submission of false insurance claims and fraudulent claims for welfare and Social Security benefits.

Under the applicable Guideline, § 2B1.1, the amount of loss determined by the Court will affect your client's Offense Level, and may affect whether your client is sentenced to a term of imprisonment and the length of such imprisonment. Your client reserves the right to dispute at sentencing the Government's evidence and argument concerning the amount of loss.

No other specific offense characteristics or cross references apply.

<u>Acceptance of Responsibility: 2-level reduction</u>: Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a).

In accordance with the above, the applicable Guidelines Offense Level is 5, subject to the Court's determination of the amount of loss.

**B.     Criminal History Category**

Based upon the information now available to the government (including representations by the defense), your client has no prior criminal convictions.

In accordance with the above, your client's Criminal History Category is I.

**D)     Sentencing Allocution**

In exchange for your client's guilty plea, the government agrees 1) not to oppose your client's release pending sentencing; 2) not to oppose your client's voluntary surrender to commence serving any sentence which is imposed; and 3) not to oppose your client's request for the Court to request incarceration at a particular federal facility; provided that your client (a) cooperates with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperates fully and truthfully with the Court in any proceeding arising from this matter; (c) complies with the other provisions of this agreement; and (d) abides by the conditions set for her release by the Court.

The government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

Except as otherwise provided in this Agreement, your client reserves her full right of allocution.

**E)** **Restitution**

Pursuant to 18 U.S.C. § 3663(a)(3), your client agrees that she and her co-defendant will be jointly and severally liable to pay restitution in the amounts of $3,850 to the United Services Automobile Association and $1,385 to the Progressive Casualty Insurance Company. Your client also agrees to pay restitution equal to the amount of loss counted as relevant conduct by the Court at sentencing.

**5)** **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**6)** **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**7)** **Release/Detention**

Your client acknowledges that while the Government will not seek to detain your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

8)  **Wiring of Plea Agreement**

Your client understands and acknowledges that this Agreement and any plea of guilty which she may enter pursuant to this Plea Agreement are contingent upon the entry of a guilty plea by co-defendant William Steve Ishmell in this case. If the co-defendant fails to enter a guilty plea, this Plea Agreement and any proceedings pursuant to this Plea Agreement may be withdrawn or voided at the discretion of the Government.

9)  **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10) **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

11) **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

12) **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. Furthermore, it does not prohibit this Office from bringing charges against your client for any fraudulent activity that is not included as relevant conduct for sentencing purposes in this case.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to Assistant United States Attorney Jonathan Haray once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor /SJD*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

Jonathan W. Haray, D.C. Bar No. 480140
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20530
(202) 353-2877
jonathan.haray@usdoj.gov

Thomas E. Zeno, D.C. Bar No. 348623
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20530
202-514-6957
thomas.zeno@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, John Briley, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 6/02/08

Donna Jean Ishmell
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

We have read each of the pages constituting this Plea Agreement, reviewed them with our client, and discussed the provisions of the Agreement with our client, fully. These pages accurately and completely sets forth the entire Plea Agreement. We concur in our client's desire to plead guilty as set forth in this Agreement.

Date: 6/02/08

John Briley, Esquire
Attorney for the Defendant